[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 21, 2007
THOMAS K. KAHN
CLERK

No. 07-11529
Non-Argument Calendar
_____

D.C. Docket No. 06-02219-CV-T-26TGW
BKCY No. 04-BK-13418-ALP

IN RE:  EAGLES RESERVE HOMEOWNERS ASSOCIATION, INC.,

Debtor.

_____

GAIL M. FERN,

Plaintiff-Appellant,

versus

EAGLES RESERVE HOMEOWNERS ASSOCIATION, INC.,
JAMES P. DELELLIS, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 21, 2007)**

Before BIRCH, PRYOR and COX, Circuit Judges.

PER CURIAM:

Gail M. Fern appeals the district court's order in a consolidated appeal of three orders of the bankruptcy court: one order in the Chapter 11 bankruptcy case, and two orders in an adversary proceeding related to that case. Fern argues that the district court committed reversible error by (1) affirming the bankruptcy court's approval of the Settlement Agreement between Federal Insurance Company, the former directors and unit owners of Eagles Reserve Homeowners Association, Inc. and Eagles Reserve itself; (2) overruling Fern's objection to the settlement, essentially on the ground that the bankruptcy court lacked subject matter jurisdiction; and (3) affirming the denial of the lifting of the automatic stay and the remand sought by Fern. Appellees argue that (1) the bankruptcy court made a reasoned determination that the Settlement Agreement was fair and equitable; (2) the bankruptcy court had subject matter jurisdiction; and (3) denial of the remand was appropriate as the approval of the settlement extinguished Fern's claims which are at issue.

Having reviewed the briefs and record, we find no reversible error. First, we conclude that a sufficient nexus existed between the Chapter 11 case of Eagles Reserve and Fern's bad faith claim against Federal Insurance Company for the bankruptcy court to have subject matter jurisdiction. *Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 787 (11th Cir. 1990). Second, the bankruptcy court did not abuse its

discretion when, after conducting a hearing on the Motion for Approval of the Settlement Agreement, it made a "reasoned determination that it is fair and equitable." *In re U.S. Oil & Litigation*, 967 F.2d 489, 496 (11th Cir. 1992). Third, the bankruptcy court did not abuse its discretion in denying Fern's motion for relief from the stay and remand (and the subsequent motion for rehearing) because the Settlement Agreement extinguished the claim Fern sought to pursue.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.